# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-436V
UNPUBLISHED

| | |
|---|---|
| MARYAM EBRAHIMI,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: March 31, 2022<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Guillain-Barre Syndrome (GBS) |

*Anne Carrion Toale*, Maglio Christopher & Toale, PA, Sarasota, FL, for Petitioner.

*Mitchell Jones*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING DAMAGES[1]

On April 15, 2020, Maryam Ebrahimi filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered Guillain-Barre Syndrome ("GBS") as a result of her February 11, 2019 influneza ("flu") vaccination. *See* Petition at 1-4. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On December 14, 2020, a ruling on entitlement was issued, finding Petitioner entitled to compensation for GBS. On March 30, 2022, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $218,769.80 (representing compensation for pain and suffering in the amount of $195,000.00, past unreimbursable expenses in the amount of $148.80, future expenses in the amount of $6,500.00, and past lost wages in the amount of $17,121.00) and funds to satisfy the

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

State of Colorado's Medicaid lien in the amount of $54,408.51. Proffer at 1-3. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award the following compensation:**

A. **A lump sum payment of $218,769.80 (representing compensation for pain and suffering in the amount of $195,000.00, past unreimbursable expenses in the amount of $148.80, future expenses in the amount of $6,500.00, and past lost wages in the amount of $17,121.00) in the form of a check payable to Petitioner; and**

B. **A lump sum payment of $54,408.51, representing compensation for satisfaction of the State of Colorado Medicaid lien, in the form of a check payable jointly to Petitioner and:**

  **Colorado Department of Health Care Policy and Financing**
  **333 W. Hampden Avenue, Suite # 425**
  **Englewood, CO 80110**
  **Re: Maryam Ebrahimi**
  **Medicaid ID No. O232345**

Petitioner agrees to endorse the check to the Colorado Department of Health Care Policy and Financing for satisfaction of the Medicaid lien. This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

              **s/Brian H. Corcoran**
              Brian H. Corcoran
              Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| MARYAM EBRAHIMI, ) | |
| ) | |
| Petitioner, ) | No. 20-436V |
| ) | Chief Special Master Corcoran |
| v. ) | ECF |
| ) | |
| SECRETARY OF HEALTH ) | |
| AND HUMAN SERVICES, ) | |
| ) | |
| Respondent. ) | |

### RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On April 15, 2020, Maryam Ebrahimi ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that she suffered Guillain-Barré Syndrome ("GBS") following the administration of an influenza vaccine she received on February 11, 2019. Petition at 1. On December 10, 2020, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report indicating that this case is appropriate for compensation under the terms of the Act for a GBS Table injury, and on December 14, 2020, the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation. ECF Nos. 24, 28.

**I.    Items of Compensation**

    A.    Pain and Suffering

Respondent proffers that petitioner should be awarded $195,000.00 in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

B.       Past Unreimbursable Expenses

Evidence supplied by petitioner documents that she incurred past unreimbursable expenses related to her vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $148.80. *See* 42 U.S.C. § 300aa-15(a)(1)(B). Petitioner agrees.

C.       Future Vaccine-Related Expenses

Evidence supplied by petitioner documents that she will incur future expenses related to her vaccine-related injury. Respondent proffers that petitioner should be awarded future expenses in the amount of $6,500. *See* 42 U.S.C. § 300aa-15(a)(1)(A). Petitioner agrees.

D.       Lost Wages

Evidence supplied by petitioner documents that she incurred past lost wages related to her vaccine-related injury. Respondent proffers that petitioner should be awarded past lost wages in the amount of $17,121.00. *See* 42 U.S.C. § 300aa-15(a)(3)(A). Petitioner agrees.

E.       Medicaid Lien

Respondent proffers that petitioner should be awarded funds to satisfy the State of Colorado's Medicaid lien in the amount of **$54,408.51**, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the State of Colorado may have against any individual as a result of any Medicaid payments the State of Colorado has made to or on behalf of petitioner from the date of her eligibility for benefits through the date of judgment in this case as a result of her alleged vaccine-related injury suffered on or about February 11, 2019 under Title XIX of the Social Security Act.

The above amounts represent all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees

2

## II.     Form of the Award

The parties recommend that compensation provided to petitioner should be made through two lump sum payments described below, and request that the Chief Special Master's decision and the Court's judgment award the following: [1]

    A.    A lump sum payment of **$218,769.80** in the form of a check payable to petitioner; and

    B.    A lump sum payment of **$54,408.51**, representing compensation for satisfaction of the State of Colorado Medicaid lien, in the form of a check payable jointly to petitioner and:

> Colorado Department of Health Care Policy and Financing
> 333 W. Hampden Avenue, Suite # 425
> Englewood, CO 80110
> Re: Maryam Ebrahimi
> Medicaid ID No. O232345

Petitioner agrees to endorse the check to the Colorado Department of Health Care Policy and Financing for satisfaction of the Medicaid lien.

Petitioner is a competent adult. Evidence of guardianship is not required in this case.

    Respectfully submitted,

    BRIAN M. BOYNTON
    Principal Deputy Assistant Attorney General

    C. SALVATORE D'ALESSIO
    Acting Director
    Torts Branch, Civil Division

    HEATHER L. PEARLMAN
    Deputy Director
    Torts Branch, Civil Division

    TRACI R. PATTON
    Assistant Director
    Torts Branch, Civil Division

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future pain and suffering, and future lost wages.

3

/s/ Mitchell H. Jones
MITCHELL H. JONES
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 305-1748
mitchell.jones@usdoj.gov

DATED: March 30, 2022